HUGH ADAM KECKRITZ, )
)      Case No. 3:25-cv-277
    *Plaintiff,* )
)      Judge Travis R. McDonough
v. )
)      Magistrate Judge Debra C. Poplin
MORGAN COUNTY CORRECTIONAL, )
SHAWN PHILLIPS, and TENNESSEE )
DEPARTMENT OF CORRECTION, )
)
    *Defendants.* )

## MEMORANDUM OPINION

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging various improprieties with his religious diet food during his MCCX confinement (Doc. 1)[1] that is now before the Court for screening.  For the reasons set forth below, the complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED**.

I.      **STANDARD**

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

---

[1] While Plaintiff's complaint was unsigned, he has now filed a signed copy of the last page of that complaint (*see* Doc. 7), pursuant to the Court's prior order (Doc. 6).

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.     ALLEGATIONS

On two occasions during Passover, Plaintiff did not receive his Passover meal or a replacement (Doc. 1, at 4). Also, the MCCX religious diet meals were either undercooked or missing items "almost every day." (*Id.*). Because of this, Plaintiff "cannot follow [his] religious diet or [he] will starve" (*id.*), and he "got off [the] religious diet program." (*Id.*) Plaintiff sued the MCCX, Warden Shawn Phillips, and the TDOC. (*Id.* at 1, 3.) As relief, Plaintiff requests $150,000, a $1.5 million fine against the federal government, and correction of the MCCX religious diets. (*Id.* at 5.)

## III.    ANALYSIS

Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant.

2

### A.    TDOC and MCCX

First, neither the TDOC nor the MCCX is an entity subject to suit under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and not a "person" within meaning of § 1983); *see also Bostic v. Tennessee Dep't of Corr.*, No. 3:18-cv-562, 2018 WL 3539466, at *7 (M.D. Tenn. July 23, 2018) (holding that a correctional complex is not a "person" or legal entity that can be sued under § 1983, and noting that a suit against the facility is, in reality, a suit against TDOC itself); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983").

### B.    Warden Phillips

While it is Plaintiff's duty to plead the capacity in which he sues Defendant Phillips, *see Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989), Plaintiff does not state in his complaint whether he sues this Defendant in his individual or official capacity.  In either case, however, the complaint fails to state a plausible claim for § 1983 relief against Defendant Phillips in his official or individual capacity.

To the extent that Plaintiff has sued Defendant in his official capacity, that is the equivalent of suing MCCX and/or TDOC.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Thus, any such claims fail for the same reasons the Court already set forth above regarding these entities.

 Moreover, to the extent that Plaintiff sued Defendant Phillips in his individual capacity, this Defendant cannot be held liable under §1983 based solely on his supervisory position. *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

3

*superior*").  And Plaintiff provides no facts to support a plausible inference that this Defendant was personally involved in, authorized, approved, or acquiesced to any violation of Plaintiff's constitutional rights.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *see also Troutman v. Louisville Metro Dep't of Corrs*., 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "[a]t minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (citations omitted) (citation modified).

Accordingly, Plaintiff's complaint fails to state a plausible claim for relief under § 1983 against any Defendant, and it will be **DISMISSED**.

## III.    CONCLUSION

For the reasons set forth above:

1.      Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2.      Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3.      The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4